**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 6 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIN FENG,<br><br>                    Petitioner,<br><br>    v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                    Respondent. | No.    14-71596<br><br>Agency No. A088-277-502<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2017
San Francisco, California

Before:  GOULD and WATFORD, Circuit Judges, and SANDS,[**] District Judge.

Bin Feng ("Feng") petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his applications for asylum and withholding of

removal. We have jurisdiction under 8 U.S.C. § 1252. We review denials of

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We grant the petition in part and remand to the BIA for further proceedings.

Feng, a citizen of the People's Republic of China, seeks asylum and withholding of removal based on his anticorruption political opinion. Feng submits that he spoke out against an embezzlement scheme involving the local government and as a result was persecuted by the police.

Feng worked as a toll booth cashier at a state-owned company. Feng was approached by his immediate supervisor who attempted to enlist Feng to participate in the embezzlement scheme. Feng refused to participate and reported the scheme to the highway superintendent, a local government official. Feng was subsequently fired and when nothing was done regarding the embezzlement scheme, Feng confronted the superintendent. The superintendent accused Feng of being responsible for the scheme and warned that Feng should leave his office. When Feng refused to leave the superintendent's office, the superintendent informed Feng that he would call the police. Feng did not leave. The superintendent contacted the police and falsely accused Feng of participating in the embezzlement scheme and physically attacking him. The police arrested Feng, detained him for days, interrogated him about the embezzlement scheme, and beat

him until he confessed to the alleged offenses.

Substantial evidence supports the BIA's decision that Feng failed to establish that his political opinion was "at least one central reason" for his persecution. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015). In applying the three factor test articulated in *Matter of N- M-*, 25 I. & N. Dec. 526 (BIA 2011), the immigration judge ("IJ") found that Feng provided no evidence, direct or circumstantial, establishing that his persecutors were motivated by his political beliefs.

In effect, the IJ found that Feng failed to show the necessary nexus between his speech against corruption and the persecution he endured at the hands of the police. Feng argues that the police, who inflicted the physical harm against him, did not need to be aware of his political opinion or the underlying embezzlement scheme. In special cases, it may be possible for a petitioner to establish a nexus without showing the persecutors' knowledge of petitioner's protected trait such as where a persecutor directs another to commit an attack against petitioner. Here, however, Feng has not shown that his anticorruption political belief was a cause of the attack by the police. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts.").

3                                                                            14-71596

Feng provided no evidence that the police were aware of his anticorruption beliefs, or that the police were acting at the behest of the superintendent in an attempt to silence Feng, or that the police had beaten Feng as a consequence of Feng "raising his head" against the superintendent. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1025–26 (9th Cir. 2010). Feng failed to show how the harm he experienced by the police was causally connected specifically to his political beliefs as opposed to the allegations that he participated in the scheme and assaulted the superintendent. Therefore, the BIA did not err in denying Feng's claim for asylum and we find the BIA's decision is supported by the record and substantial evidence in this case.

However, we find the BIA erred as a matter of law in denying Feng's claim for withholding. The IJ applied the "one central reason" standard applicable to asylum claims to Petitioner's claim for withholding. The Government argues that the court's holding in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) only applies to "mixed-motive cases." In *Barajas-Romero*, we held that the proper legal standard for a withholding claim is "a reason." *Id*. at 365. There, we reasoned since Congress adopted the "one central reason" standard for asylum but not for withholding, even after amending the withholding statute, Congress' choice was deliberate. *Id*. at 358. The court specifically stated the lack of adoption "indicates that Congress did not intend for the 'one central reason' standard to apply to

14-71596

withholding of removal claims." *Id*. at 358–59.

The Government also relies on *Zetino v. Holder*, 622 F.3d 1007 (9th Cir. 2010) for its proposition that *Barajas-Romero* only applies to mixed-motive cases. However, the Government's reliance is unfounded. While the court applied the one central reason standard to a withholding claim in *Zetino*, the court distinguished the *Zetino* decision in *Barajas-Romero*. In *Barajas-Romero*, the court specifically stated that *Zetino* did not hold that the "one central reason" standard applied to withholding as well as asylum cases. *Barajas-Romero*, 846 F.3d at 359. The court further stated that "[w]e drew no distinction between the 'one central standard' phrase in the asylum statute and the 'a reason' phrase in the withholding statute, because there was no nexus at all between the feared persecution and political opinion." *Id*. at 360. Accordingly, the proper legal standard in withholding claims is "a reason" and the BIA erred when it applied the "one central reason" standard to Feng's application for withholding of removal.

We deny the petition as to the asylum claim, and grant the petition as to the withholding of removal claim and remand. The BIA is directed to reconsider and apply the "a reason" standard to Feng's claim for withholding consistent with our disposition.

GRANTED in part, DENIED in part, and REMANDED.

Each party shall bear its own costs.

14-71596